UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WENDY BENS,
    Petitioner,

v.                                                                            CIVIL ACTION NO. 12-11553-GAO

JEFFREY GRONDOLSKY,
Warden of Federal Medical Center-Devens,
    Respondent.

## MEMORANDUM AND ORDER FOR DISMISSAL

O'TOOLE, D.J.

For the reasons stated below, the Court <u>DENIES</u> the petition under 28 U.S.C. § 2241 for a writ of habeas corpus, and <u>DISMISSES</u> this action.

## BACKGROUND

On August 27, 2012, Petitioner Wendy Bens ("Bens"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, paid the $5.00 filing fee and filed a self-prepared petition for writ of habeas corpus under 28 U.S.C. § 2241("§ 2241"), with an incorporated Memorandum of Law in support (Docket No. 1). In his petition, Bens challenges his criminal conviction and sentence on the ground that the trial judge in the District of Maryland (Baltimore) lacked subject matter jurisdiction over his criminal prosecution because of violations of the Speedy Trial Act and the Sixth Amendment.

Specifically, Bens contends that the issue of the trial court's subject matter jurisdiction may be raised at any time, even after trial, and thus he is not procedurally defaulted from raising this issue in this Court. He adamantly asserts he had not waived his speedy trial rights; he never pled guilty to the criminal charges nor engaged in plea negotiations during the four months before he filed a *pro se* a motion to dismiss based on speedy trial violations.

More specifically, Bens argues that the government: (1) improperly delayed his bail

hearing for four months after his indictment; (2) improperly arraigned and prosecuted him almost seven months after being detained without an arraignment; and (3) he had no legal representation [for several months after being detained]. In light of this, he claims his speedy trial motion should not have been denied by the trial court and he should never have been indicted or prosecuted.

Next, Bens argues that the government delayed returning a Second Superseding Indictment against him (which he asserts did not substantially change the original Indictment), and that this delay resulted in a speedy trial violation. He also claims that during this delay, his reputation was damaged, he had no contact whatsoever with his family, and he was unduly prejudiced. He was held in solitary confinement and only permitted to leave his cell for one hour per day. He did not have access to his family to advise of his custodial situation and his appointed counsel did not have communication with him until almost three months after he originally was detained. Bens also contends that he never withdrew his *pro se* motion to dismiss based on speedy trial/due process violations, though the trial court deemed that he had withdrawn his motion.

The background of Ben's criminal case and subsequent proceedings has been summarized by other courts. See, e.g., Bens v. United States, 2007 WL 3094895 (D. Md. 2007); United States v. Bens, No. 05-4736 (4th Cir. June 15, 2006). Culling out the recitations from those opinions and from the public dockets (PACER), the salient history is as follows.

  A.  The Criminal Case in the District of Maryland: United States v. Bens

Bens was a Coast Guard petty officer stationed in Boston, Massachusetts. His duties included preventing drugs from entering the United States from the Caribbean. He was, however, involved in trafficking narcotics from the Caribbean to the United States. On January

31, 2004, Bens and a fellow Coast Guard officer traveled from Boston to Baltimore, Maryland to retrieve a suitcase thought to contain cocaine. In fact, the contents of the suitcase had been replaced by law enforcement with fake cocaine. Bens was later arrested and detained.

On February 10, 2004, Bens was indicted (pursuant to a Superseding Indictment) in the District of Maryland (Baltimore) on a number of federal drug charges. These included: conspiring to import 2.4 kilograms of cocaine; importing cocaine; possession with intent to distribute a controlled substance; conspiring to possess with intent to distribute a controlled substance; and possession of a firearm in furtherance of drug trafficking. See United States v. Bens, Criminal No. 1:04-00040-WDQ-2.

On March 18, 2004, an Order granting the government's motion for exclusion of time under the Speedy Trial Act was entered. Bens then filed a *pro se* motion to dismiss based on speedy trial violations. On April 29, 2004, a hearing was held regarding both the appointment of counsel for Bens and his *pro se* motion for a speedy trial. Judge James K. Bredar ordered that the request for new counsel was withdrawn, as was Bens's motion to dismiss based on a speedy trial violation.

On July 9, 2004, a Second Superseding Indictment was returned. On August 13, 2004, Bens was arraigned. Thereafter, a number of pretrial motions were filed, including motions to suppress. On October 18, 2004, a jury trial commenced, and on October 26, 2004, Bens was convicted by a jury on all counts. On July 8, 2005, Bens was sentenced to a concurrent 151 month term of imprisonment on Counts I, II, III, and IV, and a consecutive 60 month term on Count V.

    B.    The Direct Appeal

On July 5, 2005, Bens filed an appeal to the United States Court of Appeals for the

Fourth Circuit ("Fourth Circuit"). Among other arguments, Bens asserted that the district court improperly submitted to the jury a verdict form requesting special findings of fact designed to serve as the basis for various sentencing enhancements; that there was insufficient evidence to support the jury's conclusion that he possessed a firearm in furtherance of a drug trafficking crime; and that the district court abused its discretion in refusing to declare a mistrial on the ground that the government's contact with his fiancé impeded his ability to call her as a witness. The Fourth Circuit rejected all of Bens's grounds and affirmed the conviction and sentence on June 15, 2006. United States v. Bens, No. 05-4736 (4th Cir. June 15, 2006) (*per curiam*). Mandate issued on July 10, 2006.

Thereafter, on October 16, 2006, the United States Supreme Court denied Bens's petition for writ of certiorari. Bens v. United States, 127 S. Ct. 458 (2006).

### C. Post-Conviction Challenges

#### 1. The First Section 2255 Motion to Vacate

On April 12, 2007, Bens filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). He asserted six grounds for relief: (1) his trial attorney was ineffective for failing to object to the Court's instructions on Count I; (2) the Court constructively amended the Indictment's charge in Count III; (3) the Court's admission of a witness's hearsay statements violated his Sixth Amendment right to confront his accuser; (4) there was insufficient evidence that he violated 18 U.S.C. § 924(c); (5) his counsel was ineffective for failing to raise Bailey v. United States, 516 U.S. 137 (1995) on direct appeal; and (6) the cumulative effect of these various trial errors prejudiced him.

On October 19, 2007, the trial judge denied the § 2255 motion. Bens v. United States, 2007 WL 3094895 (D. Md. 2007). Bens filed a Notice of Appeal of that denial on October 31,

4

2007.  On April 2, 2008, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.  Bens v. United States, 271 Fed. Appx. 307 (4th Cir. 2008).  Mandate issued June 25, 2008.  On October 14, 2008, the United States Supreme Court denied Bens's petition for writ of certiorari.  Bens v. United States, 555 U.S. 857 (2008).

2. The Second Section 2255 Motion to Vacate

On October 21, 2010, Bens filed a second § 2255 motion challenging his sentence on the grounds that his attorney was ineffective and the enhancements to his sentence were unconstitutional.  United States v. Bens, Criminal No. 1:04-00040-WDQ-2 (Docket No. 127); Bens v. United States, 1:10-cv-03003-WDQ.  On November 2, 2010, the trial judge denied the motion as a successive § 2255 motion.   Thereafter, Bens filed a Motion for Reconsideration, arguing that the court erred in construing his motion as one to vacate because it was actually a challenge to the court's subject matter jurisdiction, which could be raised at any time and was not subject to dismissal as successive.  Bens also argued that the Court misconstrued his motion as presenting a claim for ineffective assistance of counsel and also misstated the basis of his conviction.

On December 10, 2010, the trial court issued an Order granting the motion in part and denying the motion in part.  The court found that the substance of Bens's "motion for dismissal of indictment" challenged the validity of his underlying conviction and therefore was construed properly as a successive § 2255 motion.  Thus, the prior ruling in this regard remained in effect; however, the court concluded that it had incorrectly stated the drug charges against Bens, and therefore corrected the record.  Additionally, the record was corrected to reflect the court's statement that Bens did not raise an ineffective assistance of counsel claim.

On August 1, 2011, Bens filed a Notice of Appeal of the Order on reconsideration.   The

Fourth Circuit dismissed the appeal on December 23, 2011. United States v. Bens, 460 Fed. Appx. 215 (4th Cir. 2011).

### 3. The First Section 2241 Habeas Petition

On November 13, 2009, Bens filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bens v. United States, 1:09-cv-03050-WDQ. The trial court dismissed the petition finding that it failed to state a cognizable federal habeas corpus claim. The court found that Bens purported to bring the action under Rule 17 of the Federal Rules of Civil Procedure, and attached standard Internal Revenue Forms for surety, bonds, and fiduciaries. The court found that the petition presented incomprehensible statements that seemingly had no relationship to his confinement.

On October 26, 2010, the Fourth Circuit dismissed Bens's appeal. Bens v. United States, 399 Fed. Appx. 794 (4th Cir. 2010).

The instant action is Bens's second § 2241 petition.

## II. Discussion

### A. Screening of the Petition

As noted above, although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). Under Rule 4 of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the

6

petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994); see Eady v. Director, Charleston County Detention Center, 2011 WL 3704225, *3 (D.S.C. 2011) citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).

  B. Bens May Not Bring a Section 2241 Petition Challenging His Conviction and/or Sentence

It is well settled that a prisoner seeking to collaterally attack his conviction and/or sentence must assert his claim primarily through a motion to vacate, set aside, or correct sentence pursuant to § 2255 before the sentencing court rather than through a § 2241 habeas petition in the district in which he is incarcerated.[1] United States v. Barrett, 178 F.3d 34, 50 n.10

---

[1] While both provisions of § 2241 and § 2255 authorize challenges to the legality of Bens's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973). The rationale behind this is that under general circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions and/or the time limitations for filing a § 2255 motion. Coady, 251 F.3d at 484-485. Moreover, § 2255 gives the court more flexibility in fashioning a remedy than a habeas writ. In Re Hanserd, 123 F.3d 922, 925 (6th Cir. 1997). Another consideration is that "...inter-district comity and

7

(1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); see Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."); Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001). Section 2255 relief is available when a petitioner demonstrates that his sentence "(1) was imposed in violation of the Constitution, or (2) was otherwise subject to collateral attack." Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (citing Davis v. United States, 134 F.3d 470 (1st Cir. 1988)).

In this case, § 2255 relief is not available to Bens in light of his prior unsuccessful attempts at such relief as discussed above. He is, no doubt, aware that this avenue of relief is foreclosed to him and now seeks to assert yet another challenge to his conviction and sentence through a § 2241 habeas petition, presumably under the aegis of the "savings clause" of § 2255.

The savings clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot

---

practicality suggest that the original sentencing court is better positioned to reevaluate a federal prisoner's conviction and sentence." In Re Hansferd, 123 F.3d at 925. Section 2241 relief is available for a prisoner seeking to challenge the execution of a federal sentence, including computation of a sentence, disciplinary actions, prison transfers, types of detention, and other prison conditions. Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009).

meet the second or successive requirements. See Barrett, 178 F.3d 50.[2] Moreover, the savings clause does not apply merely because § 2255 relief has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because the one year period of limitations has expired. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). In other words, "[t]he remedy in section 2255 does not become 'inadequate or ineffective' simply by virtue of the fact that the prisoner is not able to meet the gate-keeping requirements for second or successive petitions." Hernandez-Albino v. Haynes, 368 Fed. Appx. 156, 2010 WL 850191, *1 (1st Cir. 2010) (unpublished decision).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see Barrett, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").[3] Further, it is well settled

---

[2] See also Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion).

[3] See Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be used, and explicitly tied to a showing of actual innocence.'" quoting Burks v. Dubois, 55 F.3d 712 (1st Cir.1995)).

that a petitioner like Bens, who has exhausted his § 2255 avenues, cannot use the "savings clause" to circumvent the restrictions of § 2255 (such as the restriction on filing second and successive motions absent permission of the appellate court, or the time restrictions on filing) by filing a petition under § 2241 instead. See Barrett, 178 F.3d at 50-52 (permitting a petitioner to evade the restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless); Nascimento v. United States, 2012 WL 1004316, *3 (D. Mass. Mar. 22, 2012) (a prisoner "may not circumvent statutory restrictions by filing a habeas petition under § 2241 instead of § 2255"); Cannon v. United States, 2007 WL 1437704, at *3 (D. R.I. 2007).

Here, Bens's attempt to obtain § 2241 relief that he could not otherwise obtain under § 2255 is futile. Under the facts and circumstances underlying this case, this Court does not find that he has made a claim of actual (factual) innocence, or put forth any exceptional circumstances demonstrating that there would be a complete miscarriage of justice should § 2241 habeas relief not be granted. In the instant petition, Bens raises purely legal challenges to his conviction and sentence which are not the type of challenges that can overcome the narrow exception of the savings clause, and which, in any event, already have been raised or could have been raised in earlier § 2255 proceedings. He has presented no new discernible factual circumstances, no new credible evidence, nor has he put forth any binding or persuasive legal authority from which this Court reasonably could conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention.[4]

---

[4]Although the First Circuit has not fully defined all of the circumstances that might allow a federal prisoner to utilize § 2241 to challenge his detention, the savings clause is to be narrowly interpreted and is very limited in scope. It may only be invoked on rare occasions and under the most exceptional circumstances. See Barrett, 178 F.3d at 38 ; see also Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999); In re Dorsainvil, 119 F.3d at 251; Jaramillo v. Winn, 2002 WL 1424579 (D. Mass. 2002). See generally Sustache-Rivera v. United States, 221 F.3d 8,

Moreover, Bens's key arguments – that the trial court lacked subject matter jurisdiction over his criminal prosecution because of speedy trial and due process violations, and that this issue can be raised at any time – are misplaced. See, e.g., United States v. Hamilton, 604 F.3d 572, 574 (8th Cir. 2010) (finding petitioner had forfeited right to challenge speedy trial violations where he could have made the challenge at the time he filed his § 2255 motion); Wardrick v. Federal Bureau of Prisons, 2012 WL 761717 (E.D. Ky. Mar. 7, 2012) (finding savings clause of § 2255 did not apply where petitioner simply claimed his sentence was unconstitutional because his right to speedy trial had been violated); Hall v. Wilson, 2011 WL 676935, * 2-3 (E.D. Ky. 2011) (dismissing § 2241 petition and discussing non-application of the savings clause of § 2255 for alleged speedy trial violations, noting that Zedner v. United States, 547 U.S. 489 (2006) (which held that a criminal defendant may not prospectively waive the application of the Speedy Trial Act) was not retroactive and did not provide a basis for finding § 2255 to be an inadequate or ineffective remedy to challenge detention); Vandivere v. Stansberry, 2009 WL 7113449, * 1 (E.D. Va. 2009) (holding allegations that petitioner's conviction and sentence should be vacated due to speedy trial violations was an attack properly brought under § 2255 and not under § 2241, and § 2255 was not an inadequate or ineffective remedy to test his detention).

Additionally, there is abundant case law contrary to Bens's assertion, which hold that a speedy trial violation is a "non-jurisdictional" defect. See, e.g., United States v. King, 450 Fed.

---

16 (1st Cir. 2000) (the savings clause has most often been used where a Supreme Court decision has overruled the circuit courts as to the meaning of a statute, and the prisoner asserts he is not guilty within the new meaning of the statute); Goldman v. Winn, 565 F. Supp. 2d 200, 212 (D. Mass. 2008) (§ 2241 habeas relief is available for a federal prisoner asserting a claim on actual factual innocence, not mere legal insufficiency).

Appx. 794, 801 (11th Cir. 2011) ("A speedy trial violation is nonjurisdictional"); United States v Seay, 620 F. 3d 919, 922 (8th Cir. 2010); United States v. Bracciodieta, 353 Fed. Appx. 231, 235 (3d Cir. 2009); United States v. Moreno-Serafin, 251 Fed. Appx. 185 (4th Cir. 2007); United States v. Miranda, 222 Fed. Appx. 748, 749 (10th Cir. 2007); Snoddy v. United States, 2012 WL 1745591, *14 (N.D. Ala. 2012) (noting Zedner in its opinion); Williams v. Quarterman, 2009 WL 255990, *2 (N.D. Tex. 2009).[5]

Finally, even if this accepted as true that Bens's motion to dismiss based on speedy trial violations was erroneously deemed by the trial court to have been waived, or even if this Court accepted the argument that Bens has not been procedurally defaulted from raising the speedy trial claim, it still does not follow that 2255 is an inadequate or ineffective remedy to test his detention, where there is no claim of actual innocence and where there is no fundamental miscarriage of justice.[6] This is particularly true where Bens was aware of this argument at least seven years ago, and where he had previously raised this argument in his second or successive § 2255 motion dismissed by the sentencing court.

In sum, Bens's habeas claims are, in legal effect, § 2255 claims "*masquerading*" in the guise of a § 2241 petition. See Boyd v. United States, 2009 WL 559930 (D.R.I. 2009) ("[W]hen construing a motion for postconviction relief…'courts must be guided by the precept that

---

[5]While the jurisdictional issue with respect to speedy trial violations arises primarily in the context of whether a valid guilty plea waives a defendant's speedy trial right, it logically follows that the law holding that the right to a speedy trial is "non-jurisdictional" applies to both situations in which a plea is involved or in situations in which the defendant is tried.

[6]Cf., Cox v. Bradt, 2012 WL 2282508, *24 (S.D.N.Y. 2012) (finding that the defendant (who had been convicted after trial) failed to raise a speedy trial claim under the Sixth Amendment on his direct appeal and therefore was barred from asserting it in a habeas petition under 28 U.S.C. § 2254).

substance trumps form...'"). As such, this District Court has no subject matter jurisdiction to entertain Bens's habeas petition. See Owens v. Jett, 2011 WL 4860171, *3 (D. Minn. 2011) (court lacks jurisdiction over § 2241 petition unless petitioner shows that the § 2255 remedy is inadequate or ineffective).

Accordingly, for all of the reasons set forth herein, Bens's § 2241 habeas petition will be DENIED and this action shall be DISMISSED.[7] Should Bens seek to assert challenges to his criminal conviction he must first obtain permission to bring a second or successive § 2255 motion from Fourth Circuit.

**III. Conclusion**

Based on the foregoing it is hereby Ordered that:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED; and

2. This action is DISMISSED it its entirety.


SO ORDERED.


September 6, 2012 　　　　　　　　　　　　/s/ George A. O'Toole, Jr.
DATE 　　　　　　　　　　　　　　　　GEORGE A. O'TOOLE, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[7]This Court has considered whether this habeas petition should be dismissed or transferred to the Fourth Circuit as a request for authorization to file a second petition under section 2255. See 28 U.S.C. § 1631. Under the circumstances presented here, dismissal, rather than transfer, is warranted.